[No. 15646. Department Two. April 8, 1920.]

T. G. CRONKHITE et al., Respondents, v. PAT. WHALEN, Appellant, JOHN DITTENTHOELER et al., Defendants.[1]

NEGLIGENCE (3, 38)—FIRES—EVIDENCE—SUFFICIENCY. A threshing machine agent whose primary duty was to see that a new machine worked properly is liable for loss of grain by fire communicated from the machine, where it appears that he assumed control of the operations and disregarded suggestions as to the danger from sparks carried towards the grain by a strong wind.

SAME (17)—CONTRIBUTORY NEGLIGENCE—KNOWLEDGE OF DANGER. An owner of grain destroyed by fire from a new threshing machine is not guilty of contributory negligence, where the company's agent assumed control of the operations and persisted in finishing the job after the owner requested him to stop on account of the danger from sparks blowing towards the grain.

Appeal from a judgment of the superior court for Yakima county, Taylor, J., entered March 17, 1919, upon findings in favor of the plaintiffs, in an action for damages for loss of property by fire, tried to the court. Affirmed.

H. J. Snively, for appellant.

Parker, LaBerge & Parker, for respondents.

[1] Reported in 189 Pac. 94.

BRIDGES, J.—This was a suit by respondents, plaintiffs below, against appellant and defendants, to recover damages because of the destruction by fire of certain grain. The case was tried to the court without a jury. There was a judgment in favor of the plaintiffs and against the defendants Whalen and Parchese. Whalen has appealed. It appears that, during the progress of the trial, the defendant Dittenthoeler was dismissed out of the action.

The respondents owned certain stacks of grain which they desired to have threshed. They employed the defendants Dittenthoeler and Parchese to do the threshing. The appellant, Whalen, was the local agent for the J. I. Case Company, manufacturers and sellers of threshing machines. As such agent, he had just sold to his codefendants one of these threshing machines. It was a part of his duty as such agent to help start up any new thresher and to see that it worked satisfactorily. For this purpose the appellant, Whalen, was on the ground looking after the operation of the machine. During the second day's operation and while the appellant was present, sparks from the engine running the threshing machine set fire to and destroyed considerable of the unthreshed grain. The spark arrester had either fallen off or had been blown off by the wind, which on that day was blowing strong from the machine toward the stacks of grain. The result was that an unusual amount of sparks were emitted and the fire resulted.

Prior to the fire, the defendant Dittenthoeler was taken sick and left the operations. The defendant Parchese was hauling wood and water to the machine, and was present at the operations very little of the time. While unquestionably the appellant was present primarily for the purpose of putting the machine in operation, and making such adjustments and repairs

as were necessary to that end, yet, according to the weight of the testimony and the findings of the trial court, he assumed control over the operation to a considerable extent. It appears that one of the respondents was afraid there would be a fire, and suggested that operations cease while the wind was blowing, but appellant gave directions to finish the job they were on. He also gave directions concerning the fuel to be used, and in a number of other ways assumed direction of operations. It is true, appellant denies having taken any charge of operations, and asserted that he was present only for the purpose of adjusting the machinery, but the trial court found:

"That the defendant, Pat. Whalen, who had had fifteen years' experience in handling threshing machines, took charge of the operations of said machinery in the threshing of said grain, and directed its operations; . . . that the plaintiff suggested to said Whalen that it was dangerous to proceed with the work under such conditions, and that said defendant, Whalen, carelessly and negligently instructed the engineer, who was operating said engine, to go ahead and finish the job . . ."

The appellant's chief argument is that the testimony was insufficient to support a judgment against him. We have carefully read the testimony and conclude that the court's findings are amply supported. That the fire resulted from the negligent manner in which the threshing was done, there ought not to be any question; and if, as the trial court found, the appellant had charge of the threshing operations, then it would logically follow that he would be liable to the respondents for the damage done.

Appellant further contends that the evidence was insufficient to show the amount of grain destroyed or the value thereof. It must be confessed that the evidence

in this regard is very unsatisfactory, particularly that portion with reference to the amount of grain destroyed. Probably this unsatisfactory condition resulted from the apparent assumption by everybody connected with the trial that all, or practically all, of the grain in the stacks was burned. At any rate, the defendant offered no testimony with regard to these matters, and we think there is sufficient testimony of the plaintiff to justify the judgment.

It is also asserted by appellant that the respondents were guilty of contributory negligence, because they knew the conditions and did not complain. This position, however, overlooks testimony of at least one of the plaintiffs, to the effect that he desired the operations be stopped on account of the high wind and the resultant danger.

If this judgment appears to appellant to be a hardship, he has only himself to blame. If he had confined himself to his duties of making such adjustments and repairs as were necessary to cause the thresher to operate properly, he would not have been held liable. But the weight of the testimony shows that he went further and, at least to considerable extent, supervised the threshing job, and in so doing he made himself responsible for the results.

We do not find any error, and therefore affirm the judgment.

HOLCOMB, C. J., FULLERTON, TOLMAN, and MOUNT, JJ., concur.